IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MATTHEW J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DRUID KNOLL CONDOMINIUM | ) | CIVIL ACTION FILE NO. |
| ASSOCIATION, INC., et al., | ) | 1:06-CV-0634-CC |
| | ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

WHEREAS the parties to this Order believe that discovery in the above-entitled action may involve the disclosure of Plaintiff's personal financial and medical information, personal financial information of the individually-named Defendants and personal financial information of any past or present member of the Druid Knoll Condominium Association, Inc. (hereinafter referred to collectively as "confidential information" or "confidential material"), it is hereby ordered as follows:

1.     All documents and information derived from such documents in this case shall be used solely for the purpose of this litigation and for no other purpose.

2.     If any answer given or document produced in response to discovery in this

case contains any confidential information, the responding party may mark

such information or document as "CONFIDENTIAL."  Any information or

document so marked shall not be disclosed to any person except as may be

permitted by this Order.  The designation of any information or document as

"CONFIDENTIAL" shall be made in good faith. When at a deposition,

counsel shall agree to reserve the right to declare some or more answers

confidential and shall so mark the transcript within thirty (30) days after

receipt.

3.      Parties wishing any document filed as part of the record under seal must

first present a motion and/or consent order regarding said document to the

Court.  The Clerk of the Court is not authorized to accept for filing any

document designated as sealed without an Order from the Court approving

specific documents to filed under seal.  Upon approval by the Court, the

protected materials shall be filed in a sealed envelope with the caption of the

lawsuit, the title of the court paper, the legend "Confidential - Subject to

Court Order" and the statement to the effect: "This envelope contains

documents filed in this case by [name of party]; it is not to be opened by,

nor are the contents to be displayed or revealed to anyone other than

authorized Court personnel, except upon order of the Court."

4.      This Order shall not abrogate or diminish any contractual, statutory or other

        legal obligation or right of any party or person, including any witness or

        potential witness, with respect to confidential information.  The fact that

        information is or is not designated "CONFIDENTIAL" under this Protective

        Order shall not determine what a trier-of-fact may find to be confidential or

        proprietary.

5.      The aforesaid designation as to documents shall be made by stamping or

        otherwise marking "CONFIDENTIAL" on each page of the document

        which the designating party wishes to designate as confidential.  All

        documents to be so designated shall be marked prior to the transmission of a

        physical copy thereof to the receiving party.

6.      Information and documents designated as "CONFIDENTIAL" shall be

        disclosed only to the following:

        a.      Counsel for the parties in the above-styled action, including

                employees of such counsel to the extent necessary to render

                professional services in the above-entitled action;

        b.      The parties in the above-styled action;

        c.      The Court and persons employed by the Court working on this

                litigation;

d.      Court reporters at the proceedings in this action;

e.      Experts or consultants retained or consulted by the parties, but only as set out below;

f.      Deponents, trial witnesses and potential deposition witnesses, but only as set out below.

Prior to making such disclosure of any confidential documents or information pursuant to this Order, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may be used only for the persons set forth in this Order. Additionally, each person to whom disclosure of confidential documents and information is permitted shall be shown a copy of this Order and shall be specifically advised by counsel that this Order applies, and is binding upon such individual.

6.      Inadvertent or unintentional production or disclosure of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop said party from so designating said document or material as confidential at a later date. Disclosure of said document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

7.    With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation.  Within seven (7) days of receipt of that objection, counsel shall attempt to resolve the dispute informally.  If no agreement can be reached, the objecting party may move for an order to change the designation of the materials in question.

8.    After the termination of this action, the restrictions on communications and disclosure provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or material contained therein have been communicated or disclosed pursuant to the provisions of this Agreed Protective Order or any other order of the Court.

9.    This Agreed Protective Order is intended to provide a mechanism for the handling of confidential documents and information.  It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege.

10.    The parties' attorneys shall have the right to use any information contained in such documents in the trial of this case, provided however that the information and/or documents shall not be marked "CONFIDENTIAL" for the purposes of use at trial.  The parties do not waive any right to object at trial to the admissibility of any document or portion thereof, nor the right to file a Motion in Limine regarding the use at trial of any document or portion thereof.

11.    Upon request by the producing party, within ninety (90) days of the conclusion of this matter to all parties, each confidential document and all excerpts or summaries thereof produced by that party, shall be returned to it/him/her.

12.    Nothing in this Order shall prevent a party from any use of his, her or its own confidential documents.

13.    The terms of this Order are subject to modification, extension or limitation as may be hereinafter agreed to by all parties or by order of the Court.
Let the Clerk send a copy of this Order to counsel of record.

AGREED TO, this 11th day of January, 2007.

LAW OFFICES OF JOHN D. WALES

/John D. Wales/

1950 Spectrum Circle, Suite 400          JOHN D. WALES
Marietta, Georgia 30067                  GA Bar No. 730785
Telephone:  (770) 850-2545               BARBARA M. HEYNE
Facsimile: (770) 850-2548                Georgia Bar No. 350415
JohnDWales@aol.com                         *Attorneys for Plaintiff*
BarbaraMHeyne@aol.com

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

/Scott A. Johnson/

One Alliance Center – 4th Floor     DEREK JOHANSON
3500 Lenox Road                          GA Bar No. 392010
Atlanta, GA  30326                       SCOTT A. JOHNSON
(404) 926-4500                           GA Bar No. 392092
(404) 926-4600 (facsimile)               ASHOO SHARMA
derekjohanson@wncwlaw.com                GA Bar No. 637920
scottjohnson@wncwlaw.com                   *Attorneys for Defendants*
ashoosharma@wncwlaw.com

**************************************************

SO ORDERED:

This _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

7